IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL MEYERS,

    Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

No. CIV S-06-2585 WBS EFB P

<u>ORDER AND</u>
<u>FINDINGS & RECOMMENDATIONS</u>

---

Plaintiff, a state prisoner without counsel, seeks leave to proceed *in forma pauperis* in this civil rights action. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a)(1). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). An initial partial payment of $4.00 is assessed pursuant to section 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

1

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. Plaintiff seeks to proceed under 42 U.S.C. § 1983 and so he must allege an individual deprived him of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff alleges that defendants deprived him of personal property and failed to reimburse him after he successfully filed a government claim form. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff has not alleged any facts suggesting that the deprivation was authorized; therefore, plaintiff may not claim that the deprivation resulted in violation of his Fourteenth Amendment due process right. Furthermore, the California Legislature has provided a remedy for tort claims against public officials in California. *See* Cal. Gov't Code §§ 900, *et seq*. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. For these reasons, the court finds that while plaintiff's complaint claims a right to recover under the United States Constitution, the claim is wholly insubstantial and frivolous. Plaintiff has failed to state a claim upon which relief may be granted and this case should be dismissed.

Accordingly, it is hereby ORDERED that plaintiff's request to proceed *in forma pauperis* is granted; and

1    Further, it is hereby RECOMMENDED that this action be dismissed.

2    These findings and recommendations are submitted to the United States District Judge
3 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
4 after being served with these findings and recommendations, any party may file written
5 objections with the court and serve a copy on all parties.  Such a document should be captioned
6 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
7 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
8 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
9 Dated:  October 18, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3